# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY GARRETT BROWN,** | ) | |
|         Petitioner, | ) | **Civil Action No. 09-146 Erie** |
| | ) | |
|         v. | ) | **District Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **R.M. LAWLER,** | ) | |
|         Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**

Petitioner Gregory Garrett Brown is state prisoner who has been tried and convicted in several separate criminal cases. At issue in this proceeding is the April 5, 2006 judgment of sentence imposed by the Court of Common Pleas of Erie County at Criminal Docket CP-25-CR-000746-2005 for his conviction of making terroristic threats and retaliation against a judicial officer. He has filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [ECF No. 7]. This petition is at least the second habeas petition that he has filed with this Court in which he challenges that judgment of sentence. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.**   **REPORT**

    **A.**   **Relevant Background**

On January 28, 2005, Petitioner wrote and mailed a threatening letter to the Honorable Fred P. Anthony of the Court of Common Pleas of Erie County. In the letter, Petitioner stated his intention to

1

kill Judge Anthony after obtaining his release from prison. Petitioner was charged with one count of retaliation against a judicial officer (18 Pa.C.S. § 4953.1) and one count of terroristic threats (18 Pa.C.S. § 2706). On February 14, 2006, a jury found him guilty of both charges. On April 5, 2006, he was sentenced to serve three to eight years of imprisonment, to run consecutive to the sentence he was already serving.

In 2008, Petitioner filed a petition for writ of habeas corpus with this Court in which he challenged his April 5, 2006, judgment of sentence. That petition was docketed as <u>Gregory Garrett Brown v. R.M. Lawler *et al*.</u>, Civil Action No. 08-312 (Erie), assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. On October 9, 2009, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the petition and denied a certificate of appealability. Petitioner then filed an application for a certificate of appealability with the U.S. Court of Appeals for the Third Circuit, which was denied on or around February 17, 2010.

### B.     Discussion

Because the instant habeas petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his April 5, 2006, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). <u>See</u> U.S.C.

2

§2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and a that certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: March 8, 2010 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge